# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JEFFREY T. LANGSTON, SR., | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:17-CV-279-TLS |
| MPS GROUP, CARAVAN FACILITIES MANAGEMENT, and UNION LOCAL 2209, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jeffrey T. Langston, Sr., a pro se litigant, filed a Complaint [ECF No. 1] against Defendants MPS Group (MPS), Caravan Facilities Management (Caravan), and Union Local 2209 (Union Local) on July 7, 2017, alleging unlawful discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34, as well as "other" complaints of workplace favoritism, harassment, and otherwise being singled out unfairly at work. The Plaintiff alleges that he received a Notice of Right to Sue from the EEOC on April 6, 2017, but does not attach a copy of that letter to his Complaint.

On August 24, 2017, Defendant Caravan Facilities Management filed a Motion to Dismiss [ECF No. 10] for failure to state a claim under Fed. R. Civ. P. 12(b)(6), insufficient service of process under Fed. R. Civ. P. 12(b)(5), and failure to timely file a complaint within ninety days of receiving a Notice of Right to Sue from the EEOC. On September 1, 2017, Defendant MPS filed a Motion to Dismiss [ECF No. 14], concurring in Defendant Caravan's arguments in Caravan's Motion to Dismiss. Defendant Union Local's time to answer the Complaint was extended until October 30, 2017 [ECF No. 17].

On September 11, 2017, the Plaintiff filed a Response [ECF No. 16] to Defendants MPS and Caravan's Motions to Dismiss. In response to the Defendants' argument regarding the timeliness of his Complaint following receipt of the EEOC's Notice of Right to Sue, the Plaintiff admitted that he did not file his Complaint until ninety-three days after receiving the Notice, but argued that his Complaint was timely filed because there were three federal holidays in the interim (Good Friday, Memorial Day, and July Fourth) that "should not be held against [him]." (Pl. Resp. Br. 1–2.)

Defendant Caravan filed a Reply [ECF No. 19] to the Plaintiff's Response on September 18, 2017. Defendant MPS did not file a Reply within the proscribed time limits. Although Defendant Union Local has not filed an answer, such an exercise is moot because the Court finds that the Plaintiff's suit is time-barred.

**ANALYSIS**

Under 42 U.S.C. § 2000(e)-5(f), a plaintiff who brings an employment discrimination claim under Title VII of the ADEA must file his claim in a district court within ninety days of his receipt of a right-to-sue notice from the EEOC. *See Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1310 (7th Cir. 1984). "Compliance with the 90-day limit is not a jurisdictional prerequisite, but it is a 'condition precedent' to relief." *Scott v. Coca Cola Enter., Inc.*, No 2:05-CV-41, 2005 WL 1661808, at *4 (N.D. Ind. July 15, 2005) (citing *Perkins v. Silverstein*, 939 F.2d 463, 470 (7th Cir. 1991)). Thus, courts apply this rule strictly, dismissing cases even if the complaint is filed a single day late. *See Faris v. Ind. Univ.-Purdue Univ. at Indianapolis*, 1999 WL 349195, at *3 (7th Cir. May 27, 1999) (filed one day late); *Childrey v. United Ins. Co. of Am.*, 1994 WL 709332, at *1 (7th Cir. Dec. 15, 1994) (filed one day late); *Anooya v. Hilton*

*Hotels Corp.*, 733 F.2d 48, 49 (7th Cir. 1984) (filed one day late); *Jones*, 744 F.2d at 1310 (filed two days late); *Moses v. U.S. Steel Corp.*, 946 F. Supp. 2d 834, 842 (N.D. Ind. 2013) (filed one day late); *Wells-Darden v. Brady's This Is It, Inc.*, 2010 WL 987208, at *2 (N.D. Ind. Mar. 12, 2010) (filed one day late); *Hines v. Serv. Corp. Int'l*, 2008 WL 2692033, at *2 (N.D. Ill. July 1, 2008) (filed three days late); *Minor v. Lakeview Hospital*, 421 F. Supp. 485, 486 (E.D. Wis. 1976) (filed one day late).

However, the time period in which a Plaintiff may file suit in federal court may be equitably tolled under certain, limited circumstances. Such tolling is limited to "situations in which the claimant has made a good faith error (e.g. brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint on time." *Jones*, 744 F.2d at 1314. Here, the Plaintiff argues that he believed that federal holidays counted towards the ninety day period and that such an error should not be held against him. However, the Federal Rules of Civil Procedure make clear that a party must "count every day, including intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 6(a)(1); *see also Grzanecki v. Bravo Cucina Italiana*, 408 F. App'x 993, 996 (7th Cir. 2011). "[C]onfusion regarding whether holidays were included in the ninety day period afforded does not qualify as a good faith error tantamount to filing . . . suit in the wrong court." *Hines v. Serv. Corp. Int'l*, No. 08 C 856, 2008 WL 2692033, at *2 (N.D. Ill. July 1, 2008).

That the Plaintiff is proceeding pro se does not excuse his misunderstanding. *See Schmidt v. Wis. Civ. Of Vocational Rehab.*, 502 F. App'x 612, 614 (7th Cir. 2013) ("[M]istakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations."). *See also, e.g.*, *Webster v. St. Vincent Hosp.*, No 1:08-CV-27, 2008 WL 1808693, at *1 (S.D. Ind. Apr. 21, 2008) ("Even though [the plaintiff] is

proceeding *pro se*, her asserted lack of knowledge of the 90-day deadline does not excuse the fact that the lawsuit was not timely filed."); *Brown v. Ill. Dept. of Public Aid*, 318 F. Supp. 2d 696, 699 (N.D. Ill. 2004) ("Despite [the plaintiff's] *pro se* status, the time limit is not flexible and the delay is fatal to his claim."); *Clark v. Residents' Journal*, No. 02 C 7933, 2003 WL 21518553, at *3 (N.D. Ill. July 2, 2003) (no good faith error when pro se plaintiff believed only business days counted towards ninety-day period); *Flaherty v. Ill. Dep't of Corrs.*, No. 94 C 1065, 1995 WL 290398, at *2 (N.D. Ill. May 10, 1995) (no tolling where pro se plaintiff believed that federal holidays did not count towards the ninety-day period). *Cf. Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850–51 (7th Cir. 2001) ("While [the plaintiff's] failure to understand the implications of the right-to-sue notice elicits sympathy, procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.") (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

Although "dismissing an action as untimely at the pleading stage is unusual, we have held that a district court may so proceed under Rule 12(b)(6) if the plaintiff pleads herself out of court by making allegations that conclusively establish the action's untimeliness." *Grzanecki*, 408 F. App'x at 996 (affirming dismissal). *See also Portillo v. Zebra Tech. Corp.*, 154 F. App'x 505, 507 (7th Cir. 2005) (affirming dismissal); *Knight v. Cty. Of Milwaukee*, No. 98-2510, 1998 WL 846857, at *2 (7th Cir. Nov. 25, 1998) (affirming dismissal); *Mullins v. Arcelormittal Ind. Harbor LLC*, No. 2:11-CV-256, 2012 WL 405674, at *2 (N.D. Ind. Feb. 7, 2012) (granting motion to dismiss). Not only is it clear on the face of the Plaintiff's Complaint that he did not file within the ninety-day period, but the Plaintiff also explicitly admits as much in his Response to the Defendants' Motions to Dismiss; he instead chooses to argue that the ninety-day period

4

should be tolled because he believed that federal holidays did not count. As noted above, a mistake regarding whether federal holidays count is not the kind of mistake that gives rise to equitable tolling. Thus, the Plaintiff, by his own pleadings, has conclusively established that his action is untimely, and his action must therefore be dismissed.

The Court notes that, in his Complaint, the Plaintiff references an instance of alleged "defamation." (Compl. 15, ECF No. 1.) However, the Plaintiff cites to no case law or statute in in connection with this reference. Given that the Plaintiff has filed this case as an employment discrimination case and that, overwhelmingly, the allegations in his Complaint serve to demonstrate harassment and favoritism, the Court construes this allegation as evidence in support of his harassment claims. The Court does not construe this allegation as stating a state-law claim in tort for defamation. The Plaintiff offers no allegations that support any other construction. Because the Court does not construe this allegation as a claim under state law, the Court need not consider whether the Court has jurisdiction to hear the claim or whether the claim can survive a 12(b)(6) motion to dismiss.

For the reasons stated above, the Court: GRANTS the Defendants' Motions to Dismiss [ECF Nos. 10, 14] and DISMISSES the Complaint [ECF No.1] WITH PREJUDICE. Because the Court finds that the Plaintiff's action is time-barred, the Court need not consider the remainder of the parties' arguments. This ruling does not foreclose the Plaintiff from seeking remedy for a potential defamation claim in state court should he wish to do so.

SO ORDERED on September 22, 2017.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT